### State v. Stathakaros
*[Cite as 7 AOA 170]*

*Case No. CA-8147*
*Stark County, (5th)*
*Decided October 15, 1990*

*Robert D. Horowitz, Prosecuting Attorney and Ronald Mark Caldwell, Assistant Prosecutor, P.O. Box 20049, Canton, Ohio 44701, for Plaintiff-Appellee.*

*Joseph W. Calabretta, The Belpar Law Center, 4571 Stephen Circle N.W., Canton, Ohio 44718, for Defendant-Appellant.*

SMART, J.

This is an appeal from a Judgment of the Court of Common Pleas of Stark County, Ohio,

that overruled the motion of defendant-appellant, William Stathakaros (appellant) to return certain personal property.

In September 1987, Stark County law enforcement officials executed a search warrant at appellant's home. They seized various items of personal property including telephones, currency, office equipment, calculators, as well as various documents. Appellant was indicted for gambling, operating a gambling house, and possession of criminal tools. He eventually pled no contest to and was found guilty of gambling and operating a gambling house. Sentence was imposed on October 5, 1989, after an unsuccessful appeal of the conviction. Throughout this time the State retained possession of appellant's property, none of which was contraband per se. The State never filed a forfeiture petition. Appellant's motion for return of property was supported by his affidavit alleging that that property belonged to him and/or his wife and was not used in the commission of any crime. The State never responded to his original motion, nor to his motion for reconsideration. The trial court never held a hearing on appellant's motion to return the property.

Appellant assigns a single error to the trial court:

"THE TRIAL COURT'S ORDERS DENYING APPELLANT'S MOTIONS FOR THE RETURN OF PROPERTY WERE CONTRARY TO LAW AND NOT SUPPORTED BY ANY EVIDENCE."

R.C. 2933.41 through .43 govern forfeiture and disposition of property held by law enforcement officials.

R.C. 2933.43(C) states in pertinent part:

"(C) Upon the seizure of contraband pursuant to division (A) of this section, the prosecuting attorney... shall file a petition for the forfeiture, to the seizing law enforcement agency, of the seized contraband. The petition shall be filed in the court of common pleas of the county that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture....

"If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of... the offense...; a forfeiture hearing shall be held in such a case no later than thirty days after the plea of guilty, the conviction, or the admission or adjudication of the violation.... Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner if charges are not filed in relation to that underlying offense or violation within thirty days after the seizure, if such charges are filed and subsequently are dismissed, or if such charges are filed and the person charged does not plead guilty to and is not convicted of the offense or does not admit and is not found to have committed the violation."

It is clear that the State has not complied with the statute.

The State replies that the issue is *res judicata* because the nature of the property was litigated during the motion to suppress evidence filed during the pendency of the criminal case. The search warrant and supporting affidavit targeted gambling devices, instrumentalities of gambling, and the fruits of those offenses.

We cannot agree with the State's position. The issue in the suppression hearing was whether there was probable cause to seize the items. The trial court found that the currency was appropriately seized in accord with the terms of the warrant. Judgment Entry of October 19, 1988. The issue upon forfeiture is whether the items actually are related to the commission of those offenses.

Because appellant pled no contest, no evidence of that actual relationship has ever been presented, and appellant has never been afforded the opportunity to be heard on this issue. The retention of his property does not comply with the statute and offends the principles of due process.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause was remanded to that court for further proceedings in accord with the statutory requirements.

PUTMAN, P.J., and GWIN, J., concur.